UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS DWANE MANNING, JR.,

    Petitioner,

v.

SHAWN BREWER,

    Respondent.

_____/

Case No. 1:16-cv-1416

HON. JANET T. NEFF

## OPINION AND ORDER

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objection to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies the objection and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner argues that the Magistrate Judge erred in relying on the Michigan Court of Appeal's finding that his offense involved in-state activity, not interstate commerce[1] (Pet'r Obj.,

---

[1] Petitioner was charged with violating MICH. COMP. LAWS § 750.459, which at the time prohibited the transportation, "into, through or across this state, [of] any female person for the purpose of prostitution …" (*see* ECF No. 15 at PageID.1029 n.3).

ECF No. 16 at PageID.1040; R&R, ECF No. 15 at PageID.1028-1029). Petitioner asserts that he has clear and convincing evidence that the appellate court's finding was incorrect since the trial judge referred to interstate commerce in stating the charge against the Petitioner[2] (ECF No. 16 at PageID.1040-1041; ECF No. 2-1 at PageID.73).

Petitioner's objection lacks merit. The Magistrate Judge noted that while the transport at issue did occur from Florida to Michigan, "Petitioner's crime was in no way 'interstate'" (ECF No. 15 at PageID.1029). Rather, the prosecutor argued, and presented evidence, to show that Petitioner's transport of two females within the state violated the statute (*id.*). Thus, the statute as applied to Petitioner did not involve interstate activity (*id.*). Moreover, even if Petitioner had been convicted for transporting the females from Florida to Michigan, he could not show a dormant commerce clause violation (*id.* at PageID.1029-1030).

The Magistrate Judge properly relied on the state appellate court's finding that the activity at issue was not interstate activity. Petitioner's argument regarding the statements by the trial court and state appellate court fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion that Petitioner was not entitled to habeas relief based on his Commerce Clause challenge or federal preemption.

Having determined Petitioner's objection lacks merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues

---

[2] The trial judge stated, "It's illegal for someone to go to another state and arrange transportation, a bus ticket or a plane ticket or drive them up here for the purpose of requiring them to be a prostitute" (ECF No. 16-1 at PageID.1051).

individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, as determined by the Magistrate Judge, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that Petitioner's Objection (ECF No. 16) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 15) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (ECF No. 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: April 24, 2018

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge